# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1051 | **DATE** | 7/9/2012 |
| **CASE TITLE** | Gregory Williams vs. Officer Edwards, et al | | |

**DOCKET ENTRY TEXT**

The court grants Williams's motion for an extension [61] based on his showing of excusable neglect and deems his notice of appeal timely filed. As Mr. Williams has established his indigency and there is no showing that his appeal is taken in bad faith, his motion for leave to appeal in forma pauperis [65] is also granted. (For further details see minute order.)

■[ For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff Gregory Williams has filed a *pro se* notice of appeal from the court's ruling granting summary judgment in favor of the police officers who arrested him. The court entered its ruling on March 22, 2012, but Williams's notice of appeal was not submitted until May 18—or, under the "mailbox rule," no earlier than May 15, the date Williams signed his pleadings. The relevant rule allows thirty days for the filing of a civil appeal, but it also empowers the district court to extend that deadline where the party seeking additional time shows excusable neglect or good cause. FED. R. APP. P. 4(a)(5).

The court finds that Williams has sufficiently demonstrated "excusable neglect." Williams asserts that his lawyer failed to notify him of the court's summary judgment ruling until "late April of 2012" (Late Notice of Appeal [55] at 2), at which time it was too late to timely file an appeal. Typically, counsel's miscalculation of a filing deadline, or other simple inadvertence, does not constitute excusable neglect. *See, e.g.*, *United States v. Alvarez-Martinez*, 286 F.3d 470, 473 (7th Cir. 2002). The excusable neglect standard, however, is not a "merciless" standard but rather, an equitable one requiring consideration of the circumstances precipitating the delay. *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 808 (7th Cir. 2011). Delay may be excused "'even where the reasons for the delay are not particularly compelling.'" *Id*. (quoting *United States v. Brown*, 133 F.3d 993, 997 (7th Cir. 1998)).

Im this case, Williams's failure to meet the appeals deadline results, not from counsel's simple carelessness, but from counsel's effective abandonment of his client. Counsel's last submission to this court was dated August 9, 2011. The belated communication of the summary judgment ruling appears to have been counsel's only other act on behalf of his client; Williams has submitted all subsequent filings as a *pro se* litigant. In similar cirumstances, the Seventh Circuit upheld the district court's grant of an extension, even though the appellant filed his notice of appeal two weeks late, because it appeared that counsel "may have 'abandoned'" the appellant after trial. *United States v. Kaden*, 819 F.2d 813, 816 (7th Cir. 1987); *see also United States v. McKenzie*, 99 F.3d 813,

| STATEMENT |
|---|
| 816 (7th Cir. 1996) (finding excusable neglect warranting an extension where counsel left town and was inaccessible during the appeals period, thereby "effectively abandon[ing]" his client). The court, therefore, grants Williams's motion for an extension [61] based on his showing of excusable neglect and deems his notice of appeal timely filed. As Mr. Williams has established his indigency and there is no showing that his appeal is taken in bad faith, his motion for leave to appeal in forma pauperis [65] is also granted. *[signature]* |